■ NEW YORK TELEPHONE COMPANY, Appellant, v GRANDCOM, INC., Respondent.—Order, Supreme Court, New York County, entered September 15, 1975, granting defendant's motion to modify a prior consent order of said court entered August 13, 1974, so as to stay its enforcement until enforcement against defendant's competitors is instituted and denying plaintiff's cross motion for an order adjudging defendant guilty of civil contempt, unanimously modified, on the law and the facts, to the extent of denying defendant's motion to modify the prior consent order entered August 13, 1974, and as so modified, affirmed, without costs and without disbursements. Plaintiff brought suit seeking to enjoin defendant, a seller of telephones and related equipment, from continuing to misrepresent to the public that its equipment could be directly connected to plaintiff's lines without the use of a protective coupler as required by the New York State Public Service Commission. The suit was settled by a consent order which required defendant to include in its brochures disseminated in the New York area a notice for purchasers to consult plaintiff regarding installation and applicable

charges and to likewise inform in its retail stores and newspaper advertisements, and to delete from all advertisements such language as "just plug it in." Subsequently, defendant moved under CPLR 5015 to vacate or modify the consent order, claiming that it was obtained through fraudulent misrepresentation and is no longer equitable in enforcement. Special Term's conclusion that plaintiff's enforcement program against defendant's competitors "is minimal in degree" to the extent that plaintiff misrepresented its intent to fairly implement its enforcement program, is without foundation on the record herein. The negotiations culminating in the consent order were conducted by the parties' attorneys. No affidavit is submitted by defendant's former attorney who negotiated the consent order. Other affidavits submitted by defendant are by persons not having personal knowledge of the facts. Plaintiff's attorneys stated in affidavits that they did not represent to defendant's former attorney that suit would be brought against all violators of the Public Service Commission's tariff; that their initial endeavor is to obtain voluntary amicable resolution of the problem and where this fails, to bring suit. Four actions were claimed by plaintiff to have been commenced against parties other than defendant, two of which were settled. It appears that plaintiff has contacted over 70 other offenders. Under these circumstances, it not having been shown that additional suits are necessary and plaintiff not being required to proceed against all violators simultaneously, it may not be concluded that plaintiff's implementation of its enforcement program has been discriminatory. In the absence of a more convincing showing by defendant to warrant the equitable relief requested and mindful that defendant, who prior to the consent order was clearly violating, or assisting in the violation of, tariff requirements, the court should be most reluctant to, in effect, permit defendant to again violate such tariff. With respect to the issue of civil contempt, the record sustains Special Term's finding that defendant has made a reasonable effort to comply with the consent order. The contention by the defendant that new regulations promulgated by the Federal Communications Commission have superseded and nullified the tariff regulations of the New York Public Service Commission, thus rendering the instant appeal academic, has been examined and found to be without merit at this time. It is also noted that the consent order entered August 13, 1974 provides in paragraph 5 that the settlement is "without prejudice to the right of Grandcom to seek modification of the Order to reflect changes in applicable laws or tariffs, and the Court shall retain jurisdiction for these purposes." Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.